FILED
5/24/2024 11:01 AM
KELLY ELIAS
CLERK OF THE CIRCUIT COURT
LOGAN COUNTY ILLINOIS

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
LOGAN COUNTY, ILLINOIS

| | |
|---|---|
| TERRY HUTCHCRAFT,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., and<br>DEREK MASCHOFF,<br><br>Defendants. | 2024LA10<br>No. 2024-LA- |

## COMPLAINT

NOW COMES the Plaintiff, Terry Hutchcraft, by his attorneys, Kelly & Castagna, and complaining of the Defendants, Wal-Mart Store, Inc. and Derek Maschoff, states as follow:

COUNT I
*Hutchcraft v. Wal-Mart, Inc.*
Negligence

1. The events complained of took place on May 7, 2023, in Lincoln, Logan County, Illinois.

2. At all times mentioned herein, Defendant, Wal-Mart Store, Inc., was a corporation licensed to do business in the State of Illinois.

3. At all times mentioned herein, Defendant, Wal-Mart Store, Inc., owned and operated a store located at 825 Malerich Dr. in Lincoln, Logan County, Illinois, and did supervise and maintain the property through its agents and employees.

4. On May 7, 2023, Defendant, Wal-Mart Store, Inc., permitted water to leak from the ceiling of its store and onto the floor in the produce area near the deli.

5. On May 7, 2023, Plaintiff, Terry Hutchcraft was on the premises at 825 Malerich Dr., Lincoln, as a customer of Defendant, Wal-Mart Store, Inc.

6. On May 7, 2023, Plaintiff, Terry Hutchcraft, was in the produce section near the deli when he slipped on water that pooled on the floor from the ceiling.

7. At all relevant times, Defendant, Wal-Mart Store, Inc., knew or should have known that this condition – water dripping from its ceiling and onto the floor -- could cause injury to its customers, including Plaintiff.

8. At all relevant times, Defendant, Wal-Mart Store, Inc., through its agents, employees, and/or apparent agents, had a duty to maintain its premises in a reasonably safe condition.

9. At all times mentioned herein, Defendant, Wal-Mart Store, Inc., was under a duty to exercise reasonable care for the safety of patrons upon its property, and in violation of that duty was negligent in one or more of the following ways:

   a) failed to exercise reasonable care for Plaintiff's safety as an invitee upon the property;
   b) failed to inspect the premises to ascertain the presence of water on the floor;
   c) caused or allowed a water to be present on the floor presenting an unreasonably dangerous condition, when it knew or should have known of the presence of such a slippery substance; and
   d) failed to provide any type of warning for its customers concerning the unsafe condition near the produce area when it knew, or in the exercise of ordinary care should have known, that a warning was necessary for the safety of its customers, including Plaintiff.

10. As a proximate result of the negligence of the Defendant, Wal-Mart Store, Inc., the Plaintiff was injured.

11. Plaintiff, Terry Hutchcraft, suffered injuries to his lower back, hips, left shoulder, and a torn ACL in his right knee; Plaintiff has endured pain and suffering in the past and will have pain and suffering in the future; Plaintiff has suffered disability and will suffer disability in the future; and Plaintiff has incurred medical expenses and will incur medical expenses in the future; all as a result of the injuries received.

WHEREFORE, Plaintiff, Terry Hutchcraft, prays for judgment against the Defendant, Wal-Mart Store, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

## COUNT II
*Hutchcraft v. Maschoff*
Negligence

1. Plaintiff re-alleges and re-states paragraphs 1-8 of Count I as if fully set forth herein.

2. Upon information and believe, Co-Defendant, Derek Maschoff, was a manager of Defendant, Wal-Mart Stores, Inc., on the date of Plaintiff's fall.

3. As a store manager, Co-Defendant, Derek Maschoff, owed a duty to exercise ordinary care and to operate, maintain, and control the Store in a reasonably safe manner.

4. Co-Defendant, Derek Maschoff, was responsible for training employees and implementing safety or training policies at the store, maintaining or inspecting the store, for control and oversight of the staff, and/or to hire and supervise employees, including maintenance staff.

5. Notwithstanding those duties, Co-Defendant, Derek Maschoff, breached his duty of care in one or more of the following ways:

    a. Failed to exercise ordinary care to maintain the premises of the Wal-Mart store in a reasonably safe condition;
    b. Failed to exercise ordinary care in hiring, retaining, supervising, and training persons to maintain a safe premises; and
    c. Permitted or failed to prevent negligent conduct by agents or employees of Wal-Mart Stores, Inc.

6. As a direct and proximate result of one or more of the foregoing negligent actions (or inactions) by Co-Defendant, Derek Maschoff, the Plaintiff, Terry Hutchcraft, was injured.

7. Plaintiff, Terry Hutchcraft, suffered injuries to his lower back, hips, left shoulder, and a torn ACL in his right knee; Plaintiff has endured pain and suffering in the past and will have pain and suffering in the future; Plaintiff has suffered disability and will suffer disability in the future; and Plaintiff has incurred medical expenses and will incur medical expenses in the future; all as a result of the injuries received.

Wherefore, Plaintiff, Terry Hutchcraft, prays for judgment against the Co-Defendant, Derek Maschoff, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

Terry Hutchcraft, Plaintiff,

By: *Laura Castagna* 
Laura Castagna/ Atty #: 6305602
Kelly & Castagna
121 N. Main St., 3rd Fl.
Bloomington, IL 61701
(309) 820-0600 – phone

*Hutchcraft v. Wal-Mart Stores, Inc.*, et al.
24-LA-__

(309) 820-0255 – fax
laura@injurylawbloomington.com

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
LOGAN COUNTY, ILLINOIS

TERRY HUTCHCRAFT,　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　　　　Plaintiff,　　　　　　）
　　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　　）　　No. 2024-LA-
　　　　　　　　　　　　　　　　　　）
WAL-MART STORES, INC., and　　　　　）
DEREK MASCHOFF,　　　　　　　　　　）
　　　　　　　Defendants.　　　　　　）

## AFFIDAVIT

Laura Castagna, upon her oath, states as follows:

1. I am the attorney for the Plaintiff in the above-captioned case;

2. Upon investigation of the facts as known to me at this time, including the nature and extent of the physical injuries and medical expenses attendant thereto, the damages in this case, exclusive of interest and costs, are more than $50,000.00.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, I certify that the statements set forth above are true and correct.

_____
Laura Castagna